Honorable Lonny R. Suko

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIE K. CRISP, individually; MICHELLE SWEET, individually; ROBERT CREIGHTON and RHONDA ELLIOTT, husband and wife; ROSITA VOYKIN and PETER VOYKIN, wife and husband; FREDERIKA WETTERHUS and SAMUEL WETTERHUS, wife and husband, | NO. CV05-0185-LRS |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| ZIMMER AUSTIN, INC., FORMERLY KNOWN AS CENTERPULSE ORTHOPEDICS, INC., | |
| Defendant. | |

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                      - 1 -

279756/012406 1454/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    The parties have stipulated to the entry of this Protective Order in regard to

2    certain discovery material to be made available by Defendant Zimmer Austin,

3

4    Inc. ("Zimmer").  This discovery material includes trade secrets and confidential,

5    proprietary and non-public documents and information, the public disclosure of

6    which could be detrimental to the interests of Zimmer and/or related corporate

7

8    entities; documents which may contain information that is personal and

9    confidential to third parties, including individuals; and documents and

10   information subject to a claim of privilege or immunity from discovery (including

11

12   but not limited to attorney-client privilege, work product immunity, and

13   immunities created by federal or state statute or regulation).  The parties agree

14   that the above-described documents and information should be given the

15

16   protection of an order of this Court to prevent irreparable harm through disclosure

17   to persons other than those persons involved in the prosecution or defense of this

18   litigation.

19

20       THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY

21   ORDERED, ADJUDGED, and DECREED that the following Protective Order

22   shall govern discovery in the above-captioned matter, as follows:

23

24

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                    - 2 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1.     The following definitions shall apply to this Order:  A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c)(7), or federal or state statute or regulation.  For purposes of this Order, the term "document" means all written, recorded, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

2.     Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto,

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                    - 3 -
279756/012406 1441/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order.

3.     Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel of record for the parties to this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).  Subject to the provisions of subparagraph 3(c), such documents may also be disclosed:

(a)     to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                    - 4 -
279756/012406 1441/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

(b)    to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 3(c) below, the individual to whom disclosure is to be made has signed and filed with the Court a Confidentiality Agreement, the form of which is attached hereto as Exhibit A, containing —

(1)    a recital that the signatory has read and understands this Order and will abide by it;

(2)    a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

(3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

(c)    Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 3(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as exhibit A.  That Agreement then must be returned to

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                      - 5 -
279756/012406 1441/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  plaintiffs' counsel who shall retain any such Agreements during the pendency of
2  the litigation and must certify in writing to Zimmer's counsel that (1) a disclosure
3
4  was made to a consulting expert and (2) the consulting expert signed and returned
5  the Confidentiality Agreement.
6
       (d)     Before disclosing stamped confidential documents to any person
7
8  listed in subparagraph 3(a) or 3(b) who is a customer or competitor (including
9  employees or consultants of either) of the party that so designated the document,
10
   the party wishing to make such disclosure shall give at least 15 days advance
11
12 notice in writing to the counsel who designated such information as confidential,
13 stating the names and addresses of the person(s) to whom the disclosure will be
14
   made, identifying with particularity the documents to be disclosed, and stating the
15
16 purposes of such disclosure.  If, within the 15-day period, a motion is filed
17 objecting to the proposed disclosure, the disclosure shall not be made unless and
18
19 until the Court has denied such motion.  The Court will deny the motion unless
20 the objecting party shows good cause why the proposed disclosure should not be
21 permitted.
22
23
24
25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                              - 6 -
279756/012406 1441/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1        (1)    As used in this paragraph 3(d), the term "customer" means any

2   direct purchaser of products from any defendant, or any regular indirect purchaser

3
4   of defendants.  The term "customer" is not meant to include physicians.

5        (2)    As used in this paragraph 3(d), the term "competitor" means

6   any manufacturer or seller of medical devices.

7
8       4.    Each person executing the Confidentiality Agreement submits to the

9   jurisdiction of this Court for the purposes of enforcement of this Order, either

10  prior to or following the completion of this action.  Jurisdiction of this action is to
11
12  be retained by this Court after final determination for purposes of enabling any

13  party or persons affected by this Order to apply to the Court at any time for such

14  direction or further decree as may be appropriate for the construction or
15
16  enforcement of this Order or for such additional relief as may become

17  appropriate.

18
        5.    Nothing in this Order shall preclude the disclosure by a party of
19
20  stamped confidential documents that it has produced.

21      6.    Nothing in this Order shall preclude the disclosure by any party of
22
    publicly available documents or information.
23

24

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS              - 7 -
279756/012406 1441/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

7.    Before being copied for production, documents intended to be

2

brought within the scope of this Order shall be marked "CONFIDENTIAL" or

3

4

"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

5

8.    Stamped confidential documents included as part of any pleading or

6

memorandum shall be filed in sealed envelopes or other containers on which shall

7

8

be endorsed the title of this action, an indication of the nature of the contents, the

9

word "CONFIDENTIAL" and the following statement:

10

This envelope containing documents that are filed in

11

this case by [name of party] is not to be opened nor the
contents thereof to be revealed except by court order;

12

provided, however, that counsel of record in this case
may open this envelope in the office of the Clerk of this

13

Court and there inspect the contents hereof, without
order of Court, and upon completion of each inspection

14

by counsel, the envelope containing such documents
shall be resealed.

15

Alternatively, such documents shall be filed under seal pursuant to the

16

requirements of the ECF electronic filing protocol of the Eastern District of

17

Washington.

18

9.    Persons with knowledge may be deposed regarding stamped

19

20

confidential documents or the subject matter thereof.  Only the parties and

21

persons described in paragraph 3, including the court reporter and the witness,

22

shall be present at such depositions.  Transcripts of said depositions shall be

23

24

treated as stamped confidential documents in accordance with this Order.

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                          - 8 -
279756/012406 1441/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

10.    If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

11.    In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order. On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential. If the Court determines that a document or documents should not have been

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                        - 9 -
279756/012406 1441/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   designated confidential, the Court may, in the Court's discretion, order the

2   designating party to pay the objecting party's reasonable attorney's fees and

3
4   expenses related to challenging the designation.

5       12.     Nothing in this Order shall prevent or otherwise restrict counsel from

6
7   rendering advice to their clients in this litigation and, in the course thereof,

8   relying generally on examination of stamped confidential documents; provided,

9   however, that in rendering such advice and otherwise communicating with such

10  client, counsel shall not make specific disclosure of any item so designated except

11
12  pursuant to the procedures of paragraphs 3(b) and 3(c).

13      13.     If another court or an administrative agency subpoenas or orders

14
15  production of stamped confidential documents which a party has obtained under

16  the terms of this Order, such party shall promptly notify the party or other person

17  who designated the document as confidential of such subpoena, order or other

18
19  legal process.

20      14.     If a producing party inadvertently or unintentionally produces to a

21  receiving party any document without marking it as a stamped confidential

22
23  document pursuant to paragraph 1, the producing party shall, within 30 days of

24  the discovery of the inadvertent production, give notice to the receiving party in

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                    - 10 -
279756/012406 1441/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  writing and thereafter the receiving party shall treat the document as a stamped
2  confidential document. Such inadvertent or unintentional disclosure shall not be
3
4  deemed a waiver in whole or in part of the producing party's claim of restriction
5  either as to specific documents and information disclosed or on the same or
6  related subject matter.
7

8      15.    If a producing party inadvertently or unintentionally produces to a
9  receiving party any documents or information subject to a claim of privilege or
10 immunity from discovery (including but not limited to attorney-client privilege,
11
12 work product immunity, and immunities created by federal or state statute or
13 regulation), the producing party shall, within 30 days of the discovery of the
14
    inadvertent production, give notice to the receiving party in writing of the
15
16 producing party's claim of privilege or immunity from discovery. Thereafter, the
17 receiving party shall immediately return to the producing party the original and
18
    all copies of the privileged materials, including copies of the privileged materials
19
20 disseminated to other persons by the receiving party. Such inadvertent or
21 unintentional disclosure shall not be deemed a waiver in whole or in part of the
22
23 producing party's claim of privilege or immunity from discovery either as to
24 specific documents and information disclosed or on the same or related subject
25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                          - 11 -
279756/012406 1441/76510001                                    Betts
                                                               Patterson
                                                               Mines
                                                               **One Convention Place**
                                                               Suite 1400
                                                               701 Pike Street
                                                               Seattle, Washington 98101-3927
                                                               (206) 292-9988

1    matter. In the event that the receiving party disagrees with the producing party's

2    claim of privilege or immunity from discovery, then the receiving party shall

3
4    notify the producing party within five (5) business days of receipt of the

5    producing party's written notice of claim of privilege, and shall set forth the

6
7    precise grounds upon which the receiving party's position rests. If the parties

8    cannot resolve the matter, then the dispute will be presented to the Court by

9    motion or otherwise. During the pendency of any such motion, the receiving

10   party shall not copy, distribute, or otherwise use in any manner the disputed

11
12   documents or information, and shall instruct all persons to whom the receiving

13   party has disseminated a copy of the documents or information that the

14   documents or information are subject to this Order and may not be copied,

15
16   distributed, or otherwise used pending the motion and further notice from the

17   Court.

18
19        16.    The provisions of this Order shall not terminate at the conclusion of

20   this lawsuit. Within 90 days after final conclusion of all aspects of this litigation,

21   stamped confidential documents, and all copies of same (other than exhibits of

22
23   record) either shall be destroyed or returned to the producing party. In the event

24   that stamped confidential documents are produced in electronic form, or are put

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                    - 12 -
279756/012406 1441/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    into electronic form by the receiving party with the consent of the providing

2    party, then the receiving party shall delete all electronic copies of stamped

3

4    confidential documents from all computer systems and disks. All counsel of

5    record shall make certification of compliance herewith and shall deliver the same

6    to counsel for the party who produced the documents not more than 120 days

7

8    after final termination of this litigation.

9        17.    The attorneys of record are responsible for employing reasonable

10   measures to control and record, consistent with this Order, duplication of, access

11

12   to, and distribution of stamped confidential documents, including abstracts and

13   summaries thereof. No duplications of stamped confidential documents shall be

14   made except by counsel to provide working copies and for filing in Court under

15

16   seal pursuant to paragraph 8.

17       18.    The Clerk may return to counsel or destroy any stamped confidential

18   documents in its possession.

19

20   ///

21   ///

22   ///

23

24

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                                      - 13 -
279756/012406 1441/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    19.    It is expressly understood by and between the parties that in granting

2    access to or producing stamped confidential documents in this litigation, Zimmer

3

4    shall be relying upon the terms and conditions of this Order.

5        DATED this 24th day of January, 2006.

6                                LUKINS & ANNIS, P.S.

7

8                        By:_____/s/ Robert J. Crotty_____

9                            Robert J. Crotty, WSBA# 9113
                            Attorneys for Plaintiffs Valerie Crisp,
10                           Michelle Sweet, Robert Creighton,
                            Rhonda Elliot, Rosita Voykin and Peter
11                           Voykin

12       DATED this 24th day of January, 2006.

13                              STEPHEN HASKELL LAW OFFICE

14

15                       By:_____/s/ Stephen Craig Haskell_____

16                           Stephen Craig Haskell, WSBA# 7832
                            Attorneys for Plaintiffs Frederika
17                           Wetterhus and Samuel Wetterhus

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                              - 14 -
279756/012406 1452/76510001

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

2      DATED this 24th day of January, 2006.

3                                    BETTS, PATTERSON & MINES, P.S.

4

5                                    By:  /s/ Christopher W. Tompkins
                                         Christopher W. Tompkins, WSBA
6                                        #11686
                                         Attorneys for Defendant Zimmer
7                                        Austin, Inc.

8

9

10

11

12     SO ORDERED this  27th  day of  January                , 2006.

13

14

15                                   s/Lonny R. Suko

16                                   Lonny R. Suko
                                     Judge of the United States District Court

17

18

19

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER
CV05-0185-LRS                          - 15 -
279756/012406 1452/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# AGREEMENT TO MAINTAIN CONFIDENTIALITY

Honorable Lonny R. Suko

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

9
10
11

VALERIE K. CRISP, individually;
MICHELLE SWEET, individually;
ROBERT CREIGHTON and RHONDA
ELLIOTT, husband and wife; ROSITA
VOYKIN and PETER VOYKIN, wife
and husband; FREDERIKA
WETTERHUS and SAMUEL
WETTERHUS, wife and husband,

          Plaintiffs,

     vs.

ZIMMER AUSTIN, INC.,
FORMERLY KNOWN AS
CENTERPULSE ORTHOPEDICS,
INC.,

          Defendant.

NO. CV05-0185-LRS

AGREEMENT TO MAINTAIN
CONFIDENTIALITY

AGREEMENT TO MAINTAIN
CONFIDENTIALITY

280557/012406 1448/76510001

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  1.  I acknowledge that I am about to receive confidential information

2

3 supplied by Zimmer Austin, Inc. ("Zimmer").

4  2.  I have read the Protective Order governing the restricted use of

5 confidential information in this litigation, a copy of which order has been

6 provided to me.  I understand the Protective Order and agree to abide by it.

7

8  3.  I will not utilize any stamped confidential document or other

9 information subject to the Protective Order for any purpose other than this

10 litigation.  I further affirm that I will not reveal the confidential information to,

11

12 nor discuss it with, anyone, except in accordance with the terms of the Protective

13 Order.

14  4.  I understand unauthorized disclosures of stamped confidential

15

16 documents or their substance constitute contempt of court.

17  5.  At the termination of this litigation, I will return all documents

18 marked "Confidential," or "For Counsel Only," or "Attorneys' Eyes Only," as well

19

20 as any copies, summaries or abstracts of them, and documents related to them,

21 whether in hard copy, electronic, or digitized format, to the attorney providing

22 confidential materials to me.

23

24

25

AGREEMENT TO MAINTAIN
CONFIDENTIALITY   - 2 -
280557/012406 1448/76510001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    6.    I submit to the jurisdiction of the United States District Court,

2  Eastern District of Washington, as necessary to enforce the provisions of the

3

4  Protective Order.

5

6                                        Dated:_____

7

8                                        _____

                                         Signature
9

10                                       _____

                                         Printed Name
11

12                                       _____

                                         Address
13

14                                       _____

                                         City, State, Zip
15

16                                       _____

                                         Telephone Number
17

18

19

20

21

22

23

24

25

AGREEMENT TO MAINTAIN
CONFIDENTIALITY                          - 3 -
280557/012406 1448/76510001                              Betts
                                                         Patterson
                                                         Mines
                                                         **One Convention Place**
                                                         Suite 1400
                                                         701 Pike Street
                                                         Seattle, Washington 98101-3927
                                                         (206) 292-9988